UNITED STATES BANKRUPTCY COURT

District of New Jersey

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

In re:

Karen M. Prokapus

Debtor(s)

Order Filed on August 23, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 16-14196 / MBK

Hearing Date:  08/14/2018

Judge: Michael B. Kaplan

Chapter: 13

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

DATED: August 23, 2018

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 07/06/2018, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 50 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$20,009.00 PAID TO DATE

$549.00 for 21 months beginning 9/1/2018

**ORDERED** that the case is confirmed to pay 100% dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that creditor Wilmington Savings Fund Society, FSB c/o Shellpoint Mortgage Servicing, PACER claim #2-1, received stay relief on 3/23/2018 on property located at 100 Jackson Road; no arrears are to be paid through the Chapter 13 Plan; creditor will be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Creditor Specialized Loan Servicing, LLC, PACER Claim #5-2, received stay relief on 2/23/2018 on property located at 110 West Evesham Avenue; no arrears are to be paid through the Chapter 13 Plan; creditor will be paid outside of the Chapter 13 Plan.

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 16-14196-MBK
Karen M. Prokapus                                                         Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin            Page 1 of 1         Date Rcvd: Aug 23, 2018
                           Form ID: pdf903         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 25, 2018.
db             +Karen M. Prokapus,    32 High Point Drive,    Medford, NJ 08055-3816

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                               TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 25, 2018                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 23, 2018 at the address(es) listed below:
          Albert  Russo   docs@russotrustee.com
          Albert  Russo   on behalf of Trustee Albert  Russo docs@russotrustee.com
          Denise E. Carlon   on behalf of Creditor   Wilmington Savings Fund Society, Et Al...
           dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
          Joshua I. Goldman   on behalf of Creditor   Wilmington Savings Fund Society, Et Al...
           jgoldman@kmllawgroup.com,  bkgroup@kmllawgroup.com
          Justin  Plean   on behalf of Creditor   The Bank of New York Mellon jplean@rasflaw.com,
           bkyecf@rasflaw.com;ras@ecf.courtdrive.com
          Justin  Plean   on behalf of Creditor   THE BANK OF NEW YORK MELLON jplean@rasflaw.com,
           bkyecf@rasflaw.com;ras@ecf.courtdrive.com
          Laura M. Egerman   on behalf of Creditor   The Bank of New York Mellon bkyecf@rasflaw.com,
           bkyecf@rasflaw.com;legerman@rasnj.com
          Miriam  Rosenblatt   on behalf of Creditor   THE BANK OF NEW YORK MELLON bkyecf@rasflaw.com,
           mrosenblatt@rasflaw.com
          Miriam  Rosenblatt   on behalf of Creditor   The Bank of New York Mellon bkyecf@rasflaw.com,
           mrosenblatt@rasflaw.com
          Robert  Manchel   on behalf of Debtor Karen M. Prokapus manchellaw@yahoo.com
          William M.E. Powers   on behalf of Creditor   Wells Fargo Bank, N.A. ecf@powerskirn.com
          William M.E. Powers, III   on behalf of Creditor   Wells Fargo Bank, N.A. ecf@powerskirn.com
                                                                               TOTAL: 12